# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND EUGENE RUSSETTE,<br><br>Defendant. | CR 14-93-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Raymond Eugene Russette (Russette) has been accused of violating the conditions of his supervised release.  Russette denied the alleged violations.  The government satisfied its burden of proof with respect to alleged violation 1.  The government failed to satisfy its burden of proof with respect to alleged violation 2.  Russette's supervised release should be revoked.  Russette should be placed in custody for 11 months, with 37 months of supervised release to follow.

## II.  Status

Russette pleaded guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine on December 1, 2014.  (Doc. 23).  The Court sentenced

Russette to 84 months of custody, followed by 4 years of supervised release.
(Doc. 27).  Russette's current term of supervised release began on
November 17, 2020.  (Doc. 34 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on
April 11, 2022, requesting that the Court revoke Russette's supervised release.
(Doc. 340).  The Amended Petition alleged that Russette had violated the
conditions of his supervised release: 1) by possessing methamphetamine; and
2) by committing another crime.

**Initial appearance**

Russette appeared before the undersigned for his initial appearance on
April 12, 2022.  Russette was represented by counsel.  Russette stated that he had
read the petition and that he understood the allegations.  Russette waived his right
to a preliminary hearing.  The parties consented to proceed with the revocation
hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 4, 2022.  Russette
denied the alleged violations.  The government satisfied its burden of proof with
respect to alleged violation 1.  The government failed to satisfy its burden of proof

2

with respect to alleged violation 2.   The violation that the government proved is serious and warrants revocation of Russette's supervised release.

Russette's violation is a Grade C violation.  Russette's criminal history category is III.  Russette's underlying offense is a Class B felony.  Russette could be incarcerated for up to 36 months.  Russette could be ordered to remain on supervised release for up to 60 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.  Analysis

Russette's supervised release should be revoked.  Russette should be incarcerated for 11 months, with 37 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Russette that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Russette of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Russette that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Raymond Eugene Russette violated the conditions of his supervised release by possessing methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Russette's supervised release and commit Russette to the custody of the United States Bureau of Prisons for 11 months, with 37 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 5th day of August, 2022.

John Johnston
United States Magistrate Judge

4